UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY RAY TURNER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV02470 ERW |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Billy Ray Turner's Motion for Relief [ECF No. 18], Motion for Hearing, Federal Injunction, Order to Show Cause, and Immediate Restraining Order Against the Mailroom Clerk [ECF No. 19], Supplemental Motion for Protective Order Requesting Obstruction of Justice Inquiry [ECF No. 24], Motion for Petition for Contempt Citation [ECF No. 27], and Motion for Sanctions [ECF No. 29].

On December 9, 2013, Petitioner Billy Ray Turner, Jr., an inmate currently housed at the Jefferson City Correctional Center (JCCC), filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. Petitioner alleges, while at JCCC, he was sent documents containing evidence of his actual innocence, and therefore pertinent to his pending § 2254 Motion. He contends JCCC officials are improperly censoring and withholding these documents, and he states the Assistant Attorney General has failed to properly serve him with filings in this case. In his instant Motions, Petitioner seeks a variety of forms of relief, including: a hearing; an order of contempt; the appointment of counsel; compulsory process and writs of habeas corpus ad testificandum; discharge of the Assistant Attorney General; an injunction against the censoring of his mail by JCCC staff; and other forms of equitable relief.

The Court denies Petitioner's Motions for three reasons. First, Petitioner's complaints are not appropriately addressed in a § 2254 case. That is, "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). While habeas corpus relief contemplates "[c]hallenges to the validity of any confinement or to particulars affecting its duration," circumstances and conditions of confinement are the province of a § 1983 action. *Id.* In the instant Motions, Petitioner is attempting to challenge the conditions of his confinement, not the validity or duration of his confinement. Because his claims are not "at odds with his conviction or . . . the underlying sentence," they should be presented as a § 1983 action. *Clark v. Bakewell*, No. 4:07CV166, 2007 WL 2572442, at *5 (D. Neb. Sept. 5, 2007) (*quoting Muhammad*, 540 U.S. at 751).

Second, Petitioner has failed to show any merit to his allegations JCCC officials are improperly withholding his mail. "Regulations involving the review of incoming mail in prisons need only be 'reasonably related to legitimate penological interests.'" *Murphy v. Mo. Dept. of Corrs.*, 372 F.3d 979, 985 (8th Cir. 2004); *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011). Deciding the validity of mail censorship policies involves considering:

> (1) whether there is a rational connection between the regulation and a neutral and legitimate governmental interest; (2) whether alternative means exist for the inmates to exercise their constitutional rights; (3) the impact of accommodating that right on other inmates and prison personnel; and (4) whether reasonable alternatives to the regulation exist.

*Slykhuis*, 651 F.3d at 968. Here, the Missouri Department of Corrections (DOC) prohibits inmates from receiving victim information and memorabilia; Petitioner's allegedly exculpatory documents were withheld for this reason. Petitioner has not attempted to show this DOC policy

lacks a reasonable relationship to legitimate penological interests.  Thus, Petitioner's Motions lack merit.

Finally, Petitioner has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act.  42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 525-26 (2002).  The record shows Petitioner has begun the grievance process, but has not yet completed it.  *See* ECF No. 28-2.  Therefore, Petitioner has failed to establish his claims are ripe for judicial adjudication.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Billy Ray Turner's Motion for Relief [ECF No. 18], Motion for Hearing, Federal Injunction, Order to Show Cause, and Immediate Restraining Order Against the Mailroom Clerk [ECF No. 19], Supplemental Motion for Protective Order Requesting Obstruction of Justice Inquiry [ECF No. 24], Motion for Petition for Contempt Citation [ECF No. 27], and Motion for Sanctions [ECF No. 29] be and they are **DENIED**.

So Ordered this 29th day of July, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE