# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BILLY RAY TURNER, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV02470 ERW |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Billy Ray Turner's Motion for Protective Order and Suggestion of Expert [ECF No. 36], Motion for Leave to Appeal in Forma Pauperis [ECF No. 39], and Motion for Certificate of Appealability [ECF No. 40].

First, Petitioner states a certain witness[1] wishes to recant her prior statements. Petitioner argues this "witness" suddenly has been moved to an unknown location. Without providing any support, Petitioner contends the Government relocated this witness in an attempt to obstruct his habeas proceedings, and, ultimately, to prevent him from proving his actual innocence. Petitioner asks the Court for a protective order preventing the Government from obstructing justice in this manner. The Court will deny this request, as it is wholly speculative and without any support. There is no evidence suggesting the Government had any involvement in the alleged witness's supposed relocation. Petitioner's Motion for Protective Order and Suggestion of Expert [ECF No. 36] will be denied.

Second, Petitioner seeks a certificate of appealability regarding the Court's Memorandum

---

[1] Based on the filings in this case, this "witness" is presumably the victim of the underlying offenses of first-degree sodomy and incest.

and Order dated July 29, 2014 [ECF No. 34]. The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue.[2] *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability. Petitioner's Petition for Certificate of Appealability [ECF No. 40] will be denied.

Finally, upon review of the record, the Court finds Petitioner financially unable to pay any portion of the required filing fee on appeal and therefore grants Petitioner's request for proceed in forma pauperis. Petitioner's Motion for Leave to Appeal in Forma Pauperis [ECF No. 39] will be granted.

**IT IS HEREBY ORDERED** that Petitioner Billy Ray Turner's Motion for Protective Order and Suggestion of Expert [ECF No. 36] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis on Appeal [ECF No. 39] is **GRANTED**.

---

[2] Petitioner urges the Court to apply *Pool v. Armontrout*, 852 F.2d 372 (8th Cir. 1988), and grant him a hearing on his allegations the Government is interfering with his ability to prosecute his habeas proceedings. The Court declines to do so, as, under *Pool*, Petitioner must show he would prevail on his habeas proceedings, absent the alleged interference from the Government. *Id.* at 374. Petitioner's blanket accusations fail to meet this burden.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability [ECF No. 40] is **DENIED**.

Dated this 3rd Day of September, 2014.

                                                  E. RICHARD WEBBER
                                                  SENIOR UNITED STATES DISTRICT JUDGE