UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY RAY TURNER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV02470 ERW |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Petitioner's Motion to Vacate Order Denying Writ of Habeas Corpus or in the Alternative Issue a Certificate of Appealability, and Request for Leave to Take Depositions Pending the Above Motions [ECF No. 114]; Motion to Vacate Judgment [ECF No. 115]; Motion for Leave to Appeal *in forma pauperis* [ECF No. 117]; Motion to Reconsider Denial of Writ Of Habeas Corpus [ECF No. 119]; Motion to Strike the State's Response [ECF No. 125]; and, Response in Opposition to the State's Response, Motion to Strike State's Response, and Motion to Reconsider or Grant a Certificate of Appealability [ECF No. 127].

**I.    BACKGROUND**

On December 9, 2013, Petitioner Billy Ray Turner, Jr., an inmate currently housed at the Jefferson City Correctional Center (JCCC), filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. The matter was referred to United States Magistrate Judge Nannette Baker, pursuant to 28 U.S.C. § 636(b)(1). Petitioner filed an amended petition on January 2, 2014, in which he alleged six grounds entitling him to relief.

After filing his amended petition, Petitioner proceeded to file several motions with the Court, alleging, *inter alia*, the JCCC was improperly withholding mail from him containing

evidence victim recanted. The Court denied relief as Petitioner failed to show any merit to his allegation the mail had been improperly withheld [ECF No. 34]. The Court also denied relief as Petitioner had not exhausted his administrative remedies. Petitioner appealed the Court's ruling. He requested and was granted leave to proceed *in forma pauperis* on his appeal. The United States Eighth Circuit Court of Appeals affirmed the judgment of this Court.

Petitioner also filed a "Motion for Leave to File a Motion ex Parte." In his Motion, Petitioner claimed the state confiscated a DVD, allegedly containing exculpatory evidence of victim recanting to Petitioner's friend. Petitioner sought various forms of extraordinary relief, including issuing protective orders against the State and ordering the U.S. Marshals to seize the DVD and place victim and Petitioner's friend into protective custody. The Court denied relief as Petitioner failed to provide detail demonstrating the Court had the authority to secure the requested relief from the State.

On November 10, 2015, Magistrate Baker recommended the amended petition for Writ of Habeas Corpus and any motion by Petitioner for a Certificate of Appealability be denied. In response to the Report and Recommendation, Petitioner filed over fifteen motions. This Court held a hearing to resolve the motions. The Court denied the motions, and further instructed Petitioner to file any remaining arguments in his objections to the Report and Recommendation. Petitioner subsequently filed a "Petitioner's Compliance with Court Order to File exceptions to the United States Magistrates Recommendations," which the Court interpreted as his objections to the Report and Recommendation.

On July 25, 2016, this Court sustained, adopted and incorporated the Report and Recommendation and dismissed Petitioner's amended petition with prejudice [ECF Nos. 112 and 113]. Petitioner subsequently filed a Notice of Appeal and again motioned the Court for Leave

to Appeal *in forma pauperis* [ECF No. 117]. In addition, Petitioner proceeded to file five separate motions challenging this Court's order and judgment. First, Petitioner filed a Motion to Vacate Order Denying Writ of Habeas Corpus or in the Alternative Issue a Certificate of Appealability, and Request for Leave to Take Depositions Pending the Above Motions [ECF No. 114]. On the same day, Petitioner filed a corresponding Motion to Vacate the Court's Judgment dismissing his amended petition [ECF No. 115]. On August 22, 2016, Petitioner filed yet another Motion to Reconsider this Court's order and judgment dismissing his petition [ECF No. 119].

On September 14, 2016, the Court noted the State had failed to respond to Petitioner's pending Motions. The Court ordered the State to show cause why Petitioner's Motions should not be granted. Petitioner then motioned the Court to strike any forthcoming response filed by the State based upon the State's delays [ECF No. 125]. Shortly thereafter, the State filed a Response in Opposition and argued Petitioner's Motions should be denied. Petitioner in turn filed a Response in Opposition to the State's Response, renewed his Motion to strike the State's Response, and again asked the Court to reconsider its order and judgment dismissing his writ, or, in the alternative, to grant a Certificate of Appealability [ECF No. 127].

In the above Motions, Petitioner raises the following issues: he declares the Magistrate Judge was biased and improperly heard the case; he reasserts allegations of evidence (mailed affidavits and a DVD) the victim recanted and seeks to depose the Attorney General and JCCC mail room clerks; he disputes this Court's dismissal of his ineffective assistance of counsel claim for failure to raise the corroboration rule at his 491 hearing;[1] and, he seeks access to medical records of victim.

---

[1] A Chapter 491 hearing is a pre-trial proceeding under Missouri Revised Statute § 491, where a judge determines whether a child victim will suffer mental and emotional damage if forced to undergo cross examination at trial. During this hearing the defendant may cross examine the child victim and the testimony is preserved for use at trial. *State v. Sprinkle*, 122 S.W.3d 652, 660 (Mo. Ct. App. 2003).

## II. DISCUSSION

Petitioner has five motions pending before the Court challenging the Court's July 25, 2016 Order and Judgment. Petitioner requests the Court reconsider and vacate its dismissal of his petition for a writ of habeas corpus. A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from a final judgment, order, or a proceeding under Fed. R. Civ. P. 60(b). *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 59(e) allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "[T]he Rule was adopted to make clear the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations and alterations omitted).

A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* (internal citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

After careful consideration, the Court finds there was no manifest error of law or fact, or newly discovered evidence. Furthermore, Petitioner's present Motions do not raise any issues this Court has not already fully considered. Petitioner reasserts arguments and contentions previously rejected by the Court in its July 25, 2016 Order and Memorandum. In that order, the

Court engaged in a lengthy analysis and gave a detailed explanation of its reasons for dismissal. The purpose of this analysis and explanation was to attempt to demonstrate to Petitioner the grounds for relief set forth in his petition were thoroughly and genuinely considered by this Court. However, despite this extra effort by the Court, Plaintiff continues to assert the same claims and issues. Regardless, the Court will briefly address the more prevalent concerns in Petitioner's Motions.

Much of the focus of Petitioner's challenge to the Court's dismissal of his petition revolves around alleged evidence victim recanted. Petitioner feels the Court has overlooked certain evidence (affidavits and a DVD) and asks the Court to reconsider this evidence and permit him to depose the Attorney General and JCCC mail room clerks regarding the alleged recantations. While Rule 59(e) does permit the presentation of "newly discovered evidence," the alleged affidavits and DVD do not fall into this category. Here, Petitioner raised the issue of this evidence prior to the Court's July 25, 2016 Order. The Court previously determined there was no merit to Petitioner's allegation the mail clerks *improperly* withheld mail [ECF No. 34].[2] The Court also observed Petitioner did not properly exhaust his administrative remedies before bringing his claim before the Court [ECF No. 34]. Moreover, in its Memorandum and Order adopting the Report and Recommendation, the Court noted the alleged affidavits presented no new evidence as victim's recantation was properly revealed to the jury through the victim's mother as well as the testimony of the victim.

---

[2] The Court noted in its memorandum Petitioner's mail was withheld pursuant to the Missouri Department of Corrections policy, which prohibits inmates from receiving victim information and memorabilia. The Court further concluded Petitioner had not established the DOC policy lacked a reasonable relationship to legitimate penological interests.

Similarly, Petitioner's motion for relief related to the alleged DVD of victim recanting was also addressed and denied previously.[3] Rule 59(e) cannot be invoked to reintroduce evidence previously presented to the Court and considered prior to the entry of judgment. Petitioner does not provide a compelling basis under 59(e) for the Court to reconsider its rulings.

Petitioner also asks the Court to vacate the dismissal of his petition based upon his allegation of bias against Magistrate Baker. Petitioner argues Magistrate Baker improperly heard the case as she was a judge on the Missouri Court of Appeals-Eastern District during the appeal of his conviction. This exact claim was fully considered and rejected in the Court's July 25, 2016 Order. The Court declines Petitioner's invitation to address this topic for a second time. Likewise, Petitioner appears to reassert his ineffective assistance of counsel claim for failure to obtain and present expert medical testimony concerning victim's medical records. Petitioner now seeks access to the medical records to "make his own case." However the Court previously considered and found this claim meritless after conducting a thorough *in camera* review of the medical records and determining the records provided no basis for relief.

Finally, Petitioner argues the Court improperly denied his first ground for relief in his amended petition—that his trial counsel was ineffective for failing to raise the corroboration rule during his 491 hearing. In its order, the Court explained counsel was not ineffective for failing to raise the corroboration rule as corroboration was not required under the facts of the case. Moreover, the Court articulated an independent basis for denial of Petitioner's ineffectiveness claim—that ground one was procedurally defaulted as Petitioner never raised the claim before the Missouri Court of Appeals. After concluding corroboration was not mandated, the Court

---

[3] Specifically, Petitioner's allegations surrounding the alleged DVD were addressed in the Magistrate's Report and Recommendation [ECF No. 66], which this Court sustained and adopted.

further observed the corroboration rule had been abrogated in 2014 and abolished in Missouri. Petitioner now takes issue with this observation and urges the Court to reconsider the claim. However, Petitioner wholly ignores the Court's main analysis and rationale for its dismissal of ground one. Regardless of whether the rule had been abolished, the Court concluded it was not mandated under the circumstances of the case. Accordingly, the Court finds no basis to alter or amend its judgment under Rule 59(e).

Petitioner's pending motions may also be considered pursuant to Rule 60(b), which allows relief from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). After due consideration of his Motions, the Court finds Petitioner has not articulated any ground for relief contained in Rule 60(b). Petitioner simply rehashes his previous arguments--and 60(b) is not a vehicle for simple re-argument on the merits. *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999).

It is very clear to the Court Plaintiff fundamentally disagrees with the decision this Court has rendered. However, raising the same arguments again and again in multiple motions will not, and cannot, alter the judgment of this Court. Plaintiff should seek this relief from the appropriate appellate court.

Because the Court finds no basis for relief, the Court will deny Petitioner's motions to reconsider and vacate its denial of his writ of habeas corpus. Petitioner also requests, in the

alternative, for the Court to grant him a Certificate of Appealability on claims raised in his amended petition. In its July 25, 2016 order, the Court applied the appropriate standard and determined Petitioner failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 481, 120 S. Ct. 1595, 1602, 146 L. Ed. 2d 542 (2000). As such, the Court will again deny Petitioner's requests for the issuance of a Certificate of Appealability.

Petitioner further motions the Court for leave to appeal *in forma pauperis* [ECF No. 117]. However, the Court previously granted Petitioner's request to appeal *in forma pauperis* on September 3, 2014 [ECF No. 41]. Petitioner's pending request is therefore, moot.

**IT IS HEREBY ORDERED** Petitioner's Motion to Vacate Order Denying Writ of Habeas Corpus or in the Alternative Issue a Certificate of Appealability, and Request for Leave to Take Depositions Pending the Above Motions [ECF No. 114] is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Motion to Vacate Judgment [ECF No. 115] is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Leave to Appeal *in forma pauperis* [ECG No. 117] is **DENIED** as moot.

**IT IS FURTHER ORDERED** Petitioner's Motion to Reconsider Denial of Writ of Habeas Corpus [ECF No. 119] is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Motion to Strike the State's Response [ECF No. 125] is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Response in Opposition to the State's Response, Motion to Strike the State's Response, and Motion to Reconsider or grant a Certificate of Appealability [ECF No. 127] is **DENIED**.

So ordered this 6th day of March, 2017.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE